# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 6:12-cr-0176 |
| VS. | JUDGE FOOTE |
| CHRISTOPHER WALLACE | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

Before the Court is the Motion for Relief from Judgment pursuant to FRCP Rule 60(b) filed in proper person by Christopher Wallace ("Wallace"). [rec. doc. 66]. Petitioner is currently confined at the Federal Correctional Institution in Oakdale, Louisiana, serving a sixty-five month sentence for attempting to receive child pornography.  This matter was referred to the undersigned for Report and Recommendation.

## FACTUAL AND PROCEDURAL HISTORY

The pertinent procedural history of this case is as follows.  On September 5, 2013, Wallace plead guilty to a Bill of Information charging him with attempting to receive child pornography. [rec. doc. 46].  On January 10, 2014, Wallace was sentenced to serve sixty-five months imprisonment. [rec. doc. 59].  Wallace's Judgment of conviction was entered on this Court's docket on January 17, 2014.  Wallace did not directly appeal his conviction or sentence.

On December 29, 2014, Wallace filed the instant Motion for Relief from Judgment pursuant to FRCP Rule 60(b) in which he directly challenges his criminal conviction and sentence.  Wallace asserts that he is entitled to relief under Rule 60(b)(3) because the

United States Attorney committed a fraud on this Court when it presented its case against Wallace to the federal grand jury without informing the grand jurors that this federal District Court lacked "territorial jurisdiction" to criminally prosecute Wallace.  This contention is based upon Wallace's belief that the crime he allegedly committed did not occur in territory over which this federal Court has jurisdiction, such as land which was "properly ceded" by the States to the United States or purchased by the United States for "forts and fortifications" or "arsenal[s]."  He therefore requests that this Court hold a "special discovery hearing" so that he may present evidence in support of his argument.

It is well-settled that Rule 60(b) applies only to civil cases, and "simply does not provide for a relief from judgment in a criminal case." *United States v. O'Keefe*, 169 F.3d 281, 289 (5th Cir. 1999) (Dennis, J., dissenting from grant of motion for temporary stay pending appeal) *citing United States v. Mosavi*, 138 F.3d 1365 (11th Cir. 1998); *United States v. Flores*, 380 Fed. Appx. 371, 372 (5th Cir. 2010) (unpublished) *citing O'keefe, supra*; *United States v. Bouldin*, 466 Fed. Appx. 327, 328 (5th Cir. 2012) (unpublished) *citing O'keefe, supra*; *United States v. Fuller*, 459 Fed. Appx. 346, 346 (5th Cir. 2012) (unpublished) *citing O'keefe, supra*; *United States v. Alexander*, 488 Fed. Appx. 827, 827 (5th Cir. 2012) (unpublished);  *United States v. Alexander*, 242 Fed. Appx. 202, 202 (5th Cir. 2007) (unpublished) *citing O'keefe, supra*.; *United States v. Moseti*, 2014 WL 4707247, * 2 (N.D. Tex. 2014) *citing O'keefe* and *Flores, supra*.  Accordingly, the instant Motion must be denied.

While the undersigned acknowledges that this Court has discretion to recharacterize the pleading as a Motion to Vacate filed pursuant to 28 U.S.C. § 2255 after appropriate notice[1], the undersigned declines to do so in this case. It is clear that Wallace has not raised any claim cognizable under § 2255 in this pleading. Moreover, it appears that the one-year limitation period for Wallace to file a § 2255 Motion has not yet expired.[2] Accordingly, the undersigned will direct the Clerk of this Court to provide Wallace with this Court's standardized form for filing a Motion to Vacate pursuant to 28 U.S.C. § 2255. **Wallace is expressly warned that any such Motion to Vacate must be filed before the expiration of the federal one-year limitation period, that is, on or before January 30, 2015.**

For these reasons;

**IT IS RECOMMENDED** that the instant Motion for Relief from Judgment pursuant to FRCP Rule 60(b) filed in proper person by Christopher Wallace [rec. doc. 66] be **DISMISSED** for **DENIED**.

---

[1] *See Castro v. United States*, 540 U.S. 375, 381–83, 124 S.Ct. 786, 791–92, 157 L.Ed.2d 778 (2003) (before construing pro se litigant's motion as a request for relief under § 2255 court must notify litigant that it intends to recharacterize the motion, warn the litigant that any subsequent § 2255 motion will be subject to second or successive restrictions, and provide the litigant an opportunity to withdraw or amend the motion to include all of his claims).

[2] The federal one-year limitation period generally runs from the date the conviction becomes final. *See* 28 U.S.C. § 2255(f)(1). Wallace's criminal judgment of conviction was entered on this Court's docket on January 17, 2014. Accordingly, because Wallace did not file a notice of appeal, his conviction became final fourteen days thereafter on January 31, 2014.

**The Clerk of this Court shall immediately** provide Christopher Wallace with this Court's standardized form for filing a Motion to Vacate pursuant to 28 U.S.C. § 2255.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

Signed this 5th day of January, 2015, at Lafayette, Louisiana.

*C Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE